UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRAM NGUYEN, *Ex Rel United States*, | ) | Case No.: 1:09 CV 452 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CITY OF CLEVELAND, OHIO, *et al.*, | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Defendant City of Cleveland's ("City of Cleveland," the "City," or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 25). For the following reasons, the court hereby grants in part and denies in part the City's Motion.

**I. FACTS AND PROCEDURAL HISTORY**

This is not the first time Plaintiff Pram Nguyen ("Nguyen") has brought suit against the City of Cleveland concerning Cleveland Hopkins International Airport's ("CHIA") impact on the environment. In 2000, he filed a qui tam action, *United States ex rel Pram Nguyen v. City of Cleveland*, 1:00 CV 208 (N.D. Ohio) ("*Nguyen I*"), under the False Claims Act ("FCA") against 70 airport owners in the United States, including the City. (Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 25-1, at 2.) He alleged the airports had fraudulently accepted federal funds prior to 2000 by falsely certifying compliance with environmental laws, including the Clean Air Act ("CAA"), in


order to meet conditions for receiving those funds. *See id.* The alleged violations concerned the airports' use of aircraft deicing and anti-icing fluids (collectively, "ADF"). *Id.* The essence of Nguyen's claim was that the City wrongfully calculated its ADF-related emissions by using Federal Aviation Administration ("FAA") guidelines instead of the purportedly more accurate testing and calculation methods he had recommended to City officials. All Defendants were eventually dismissed, except the City and one other municipal entity, against whom Nguyen sought damages, fees, and injunctive relief forcing the Defendants to comply with environmental laws and the FCA. *Id.* The court dismissed Nguyen's suit with prejudice on summary judgment in September 2005. *Id.*; *U.S. ex rel Nguyen v. City of Cleveland et al*, 1:00CV208, 2005 WL 2416925 (N.D. Ohio Spet. 30, 2005).

In 2009, Nguyen filed the present suit under both the FCA and the CAA, using a provision of the latter act allowing for citizen suits. (Compl.1–2, ECF No. 1.) He alleges similar violations under the FCA regarding false certification of compliance with environmental laws, but this time expands his focus beyond ADF activity. *See generally id.* In addition to the same substantive ADF-related allegations presented in *Nguyen I*, now covering the period from 2003 to 2008, he alleges that emissions from other sources, namely the refueling of airplanes, use of ground support equipment and auxiliary power units, roadway operations, construction, and the daily taxiing, taking off, and landing of airplanes, also violate the CAA and other environmental laws. *Id.* Those newly-identified emission violations, in turn, give rise to more alleged FCA violations. He claims he was unaware of those emission sources' illegality when he filed *Nguyen I*, but acknowledges they existed at the time of that suit. (*Id.* at 6.) In all, the present suit covers four areas:

(1) Allegations under the FCA based on the City's false certification of its compliance with emission standards concerning ADF-related activity at CHIA. Nguyen claims that he has provided the City with a more accurate method for testing and calculating emissions, this time backed by further research he has collected, but that the City still wrongfully relies on FAA guidelines.

(2) Allegations under the FCA based on the City's false certification of its compliance with emission standards for non-ADF-related activity at CHIA, focusing on the other emission sources (refueling, ground support equipment, etc.) that Nguyen identified in this suit but did not include in *Nguyen I*.

(3) Allegations under the CAA based on ADF-related activity at CHIA, claiming that ADF-related emissions exceeded maximum thresholds set by the Act.

(4) Allegations under the CAA based on non-ADF-related activity at CHIA, claiming that emissions from the other sources (refueling, ground support equipment, etc.) exceeded maximum thresholds set by the Act.

The City filed the present Motion to Dismiss for failure to state a claim, arguing that issue preclusion bars Nguyen's FCA claims and res judicata bars all of his claims. The City also asserts that, because Nguyen is not entitled to relitigate the same issues, he has not pled a plausible claim for relief under Rule 8(a) of the Federal Rules of Civil Procedure. (Mem. in Supp. of Def.'s Mot. to Dismiss at 1.)

## II. LEGAL STANDARD

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and recently in *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a

Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. LAW AND ANALYSIS

#### A. Issue Preclusion

The City argues that issue preclusion bars Nguyen's FCA claims.

#### 1. Legal Standard

Issue preclusion is appropriate if each of four elements is satisfied:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Schreiber v. Philips Display Components Co.*, 580, F.3d 355, 367 (6th Cir. 2009) (citing *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007)). The party asserting issue preclusion bears the burden of proving that each element has been met. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050-51 (9th Cir. 2008).

#### 2. Analysis

Nguyen does not contest the third *Schreiber* element. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss, ECF No. 29, at 2.) The court will address the first, second, and fourth elements in turn. And because it is undisputed that the first suit addressed only ADF-related emissions and false claims arising therefrom, the FCA claim concerning non-ADF-related activity does not satisfy the first element and will be considered under res judicata rather than issue preclusion.

**(a) The ADF-related FCA issue Nguyen seeks to litigate in this case is the same one he litigated in *Nguyen I*.**

Nguyen claims the City violated the FCA between 2003 and 2008 by falsely certifying compliance with environmental protection laws at CHIA in order to receive federal funds. (Pl.'s Mem. Contra Def.'s Mot. at 2.) He argues that this is different from the issue resolved in *Nguyen I*, which concerned whether the City submitted false certifications prior to 2000. (*Id.*) He gives four reasons why the present case's claim differs from his previous claim:

> a) the time frame is different; b) Nguyen has alleged in this law suit facts that demonstrate that the City knew that it was violating the CAA that this Court held were missing in the prior suit; c) Nguyen alleged in the prior suit that the City had knowledge that its use of deicing fluid violated the CAA whereas Nguyen has alleged in this suit that the City knew the substantial emissions resulting from the refueling of airplanes; ground support equipment; the use of auxiliary power units; construction activities; taxiing; taking off, and landing of aircraft; the use of the airport's roadways and runways, as well as the use of deicing fluid, violated the CAA; and d) the Court in the prior suit considered only whether the city had actual knowledge that it was violating the CAA, when the FCA itself expressly provides that actual knowledge is not necessary in order to prove a violation of the FCA.

(*Id.* at 2-3.)

Reasons (a), (b), and (d) are without merit for the reasons discussed below. Reason (c) is more appropriately considered under res judicata than issue preclusion, as it involves the allegations regarding non-ADF-related activities that both parties agree were absent from *Nguyen I*.

**(i) New time frame**

Nguyen emphasizes that the conduct at issue in his current suit occurred in a different time frame from the conduct considered in *Nguyen I*—2003 to 2008, as opposed to pre-2000—and argues

that issue preclusion should therefore not apply. He relies on several cases in which multiple lawsuits were allowed against defendants based on the same conduct occurring over an extended period. Significantly, however, in those cases, the first suit had not resulted in a court finding that the defendant's conduct was permissible. *E.g.*, *Lawlor v. National Screen Service Co.*, 349 U.S. 322 (1955). In addition, the court in *Lawlor* noted not just the passage of time but also a "substantial change in the scope" of the defendants' alleged wrongful conduct between the earlier and later suits. *Id.* at 328. *See also Cellar Door Productions, Inc. of Michigan v. Kay*, 897 F.2d 1375 (6th Cir. 1990); *Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 258 (6th Cir. 1967). Ongoing wrongful conduct certainly can serve as the basis for successive lawsuits addressing different time periods, since otherwise a defendant could continue that same conduct with impunity once the first suit against him was adjudicated.

By contrast, when the conduct at issue has already been found permissible by a court, the Sixth Circuit has held that subsequent suits covering a new time frame but based on that same conduct are barred. *Dubuc v. Green Oak Township*, 312 F.3d 736, 751 (6th Cir. 2002) (when allegations involve "defendant continuing on the same course of conduct, which has previously been found by a court to be proper, a subsequent court must conclude that the plaintiff is simply trying to relitigate the same claim.")[1]; *accord Peugeot Motors of Am., Inc. v. Eastern Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) ("We do not believe that the mere fact that [plaintiff's] questioned

---

[1] The ruling in *Dubuc* was based on state rather than federal law and res judicata rather than issue preclusion, but the court's reasoning is equally applicable in this context. In fact, Nguyen acknowledges the lack of distinction between res judicata and issue preclusion principles for this element of his argument, as several of the cases he cites were decided based on the former rather than the latter.

policies continued after the [earlier] litigation allows [defendant] to make the same legal claim about the same policies that were litigated and on account of which relief was denied in prior litigation.")

Although Nguyen's suit involves a new time frame, the ADF-related conduct at issue was already found permissible by the *Nguyen I* court. (Mem. in Supp. of Def.'s Mot. to Dismiss at 2.) Nguyen does not dispute that the earlier decision found that the City did not violate the FCA, and he has not alleged that the conduct he now complains of is substantially different from that considered in *Nguyen I*. In fact, he acknowledges in the present suit that his claims are "based on allegations similar to those" in his earlier suit. (*Id.* at 5, citing First Am. Compl., ¶ 61(c).) He also provided the same emissions estimates in both cases, and he states that the relevant conduct at CHIA has "taken place every year for over ten years." (*Id.* at 9, citing First Am. Compl., ¶¶ 26-27.)

### (ii) New facts

Nguyen maintains that he has alleged new facts distinguishing his current ADF-related FCA claim from that of *Nguyen I*. In that case, he alleged the City and CHIA were committing fraud by using emission tests he believed were faulty to assert compliance with the CAA. (Pl.'s Mem. Contra Def.'s Mot. at 6.) The tests conformed to FAA guidelines, but Nguyen claimed he had advised the City of those guidelines' inadequacy, and argued that the City violated the FCA by ignoring his advice and asserting compliance anyway. (*Id.*) In rejecting this argument and granting summary judgment for the City, the court noted that "such assertions alone . . . without supporting evidence demonstrating the Airports' recognition and rejection of competing reliable authority beyond [his] naked advice, do not justify the conclusion that the Airports engaged in fraud." (*Id.*, citing *Nguyen I*, Mem. and Order at 22 (emphasis in original).)

Now, Nguyen alleges he has given the City the information that the court found lacking in *Nguyen I*. He states that during the course of the first case, he provided the City with:

> voluminous amounts of scientific evidence and expert testimony that demonstrated that the strictly controlled evaporation studies of ADF (i.e. deicing fluids) failed to predict actual emissions of VOCs in windy environments and during takeoff and that the emissions of ADF violated the Clean Air Act. Defendant continues to rely on evaporation studies for its emission calculations without allowing an objective scientific assessment. Defendant has had ample time to rectify the [CHIA's] environmental transgressions, but has taken no action to do so to date.

(Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 7, quoting First Am. Compl., ¶ 61.) Nguyen alleges that this information constitutes "competing reliable authority beyond [his] naked advice," such that he has now provided "the very facts that this Court ruled were lacking in the prior action." (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 7.) Accordingly, he argues, "the issue in this case is necessarily different than the issue that this Court decided in the prior action." (*Id.*)

The City maintains nothing has changed since the court found that Nguyen's advice did not constitute reliable authority sufficient to compete with FAA guidelines. (Def.'s Reply in Further Supp. of Mot. to Dismiss at 6.) The court agrees. Nguyen has not shown that his own advice to the City, even if now supported by further research he has gathered, is sufficient to supersede guidance from the FAA. In *Nguyen I*, the court stated that the City "cannot be deemed to have committed fraud when [its] compliance is measured under emission factors published by the very federal agency [it is] accused of deceiving." (Mem. in Supp. of Def.'s Mot. to Dismiss at 6, quoting *Nguyen I*, Mem. and Order at 23.) Furthermore, the *Nguyen I* court was pointing to a lack of evidence demonstrating the airports' recognition and rejection of competing reliable authority, *not* a lack of evidence

demonstrating support for Nguyen's competing emission testing theory. Accordingly, Nguyen has not shown new facts in this case comparable to those in cases where issue preclusion failed to bar new claims based on the same course of conduct.

### (iii) The City's "actual knowledge"

Nguyen argues that in *Nguyen I*, the court decided only whether the City had "actual knowledge" of the airport's violations. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 8, citing *Nguyen I*, Mem. and Order at 10-11, 13, 23.) This time, he argues, his allegations involve "deliberate ignorance of the truth" or "reckless disregard for the truth." (*Id.* at 8, citing First Am. Compl., ¶ 60.) However, the FCA incorporates deliberate ignorance and reckless disregard into its definition of knowledge:

> (1) the terms "knowing" and "knowingly" --
>     (A) mean that a person, with respect to information--
>         (i) has actual knowledge of the information;
>         (ii) acts in deliberate ignorance of the truth or
>         falsity of the information; or
>         (iii) acts in reckless disregard of the truth or
>         falsity of the information;

31 U.S.C.A. § 3729(b) (West 2009).

The FCA's definition of knowledge has not changed since *Nguyen I* found that the City was not violating the Act. (Def.'s Reply in Further Supp. of Mot. to Dismiss at 7.) As a result, Nguyen cannot now claim the court considered only "actual knowledge" in its earlier decision. In fact, the *Nguyen I* Memorandum and Order even included language indicating the court accounted for the FCA's broad definition of knowledge:

> "[A]llegations that the Airports 'knowingly' lied to the
> Government . . . turn more on the Plaintiff's ability to present
> evidence that the Airports knew that, in these cases, the

> emission factors they used were incorrect (*or at least that they had substantial reason to suspect that they were incorrect*) than upon Plaintiff's ability to present evidence that the emission factors are actually wrong."

(*Id.* at 7-8, quoting *Nguyen I*, Mem. and Order at 10, emphasis by Defendant.)

For the above reasons, the court finds that the FCA issue Nguyen seeks to litigate with regard to ADF-related activity is the same one he litigated in *Nguyen I*.

**(b) *Nguyen I*'s determination of the FCA issue was necessary to the case's outcome.**

A determination is necessary or essential "only when the final outcome hinges on it." *Bobby v. Bies*, 129 S.Ct. 2145, 2152 (2009). Therefore, for issue preclusion to apply to the ADF-related FCA claim in this case, the decision in *Nguyen I* must have hinged on the court's determination that the City complied with the FCA by relying on FAA emission testing guidelines.

Nguyen argues that the holding of *Nguyen I* was limited to the following:

> [t]he Court finds that such assertions [that Nguyen advised the airports their emission levels required a Title V permit] alone, without supporting evidence demonstrating the Airports' recognition <u>and rejection</u> of competing reliable authority beyond the Plaintiff's naked advice, do not justify the conclusion that the Airports engaged in fraud when issuing their compliance certificates.

(Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 11, quoting *Nguyen I*, Mem. and Order at 22 (emphasis in original).) He contends the court's later statement, about the airport and City not committing fraud by using the FAA guidelines to measure emission compliance, was dicta and not necessary to that holding. (*Id.* at 11-12.) Instead, he argues, the holding was based only on the determination he had failed to meet his burden of proof via supporting evidence for his advice on emission testing. (*Id.* at 11.)

-11-

The City argues the *Nguyen I* outcome *did* hinge on the court's finding that the City legally relied on FAA guidelines for its emission estimates. (Def.'s Reply in Further Supp. of Mot. to Dismiss at 9.) The court agrees. The *Nguyen I* court could not have held that the City was complying with the FCA without finding that it was legally entitled to rely on FAA guidance. By finding no "supporting evidence demonstrating the Airports' recognition and rejection of competing reliable authority," (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 11, quoting *Nguyen I*, Mem. and Order at 22), the decision necessarily hinged on a determination that the FAA guidelines were in fact reliable authority. Therefore, the court's resolution of the FCA issue was necessary to the *Nguyen I* outcome.

**(c) Nguyen, through his successor in interest in *Nguyen I*, had a full and fair opportunity to litigate on appeal the ADF-related FCA issue presented in his current case.**

Nguyen entered bankruptcy after filing notice of appeal of the *Nguyen I* decision, causing his bankruptcy trustee to become the real party in interest and deprive him of standing. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 13.) After consulting the U.S. Attorney's office and Nguyen's attorney, the trustee determined the appeal's likelihood of success was so slim that it was "akin to a lottery ticket." (Def.'s Reply in Further Supp. of Mot. to Dismiss at 11, quoting *In re Pram Nguyen*, No. 05-95756 (Bkrtcy. N.D. Ohio 2008).) She rejected Nguyen's offer to buy his case for $8,300, and ultimately settled with the two remaining defendants for $10,100. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 13.)

Nguyen argues that he did not have a full and fair opportunity to litigate his prior case because of his bankruptcy. He provides three reasons why the trustee misjudged the merits of his appeal, each focusing on one of his aforementioned arguments: the FCA "knowing" standard, the City's alleged "reckless disregard" for the truth, and the legality of relying on FAA guidance. (*Id.*) Because all three are meritless for the reasons discussed above, his interest in pursuing the appeal

does not outweigh the principles underlying preclusion, which the Sixth Circuit has emphasized deserve ample deference. *E.g., Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981) ("The cases are few in which the public policy underlying the doctrine of res judicata has been found to be outweighed by countervailing considerations.") Furthermore, as Nguyen's successor in interest for the appeal, the trustee had "a duty to maximize the estate for the benefit of creditors." *In re West Pointe Properties, L.P.*, 249 B.R. 273, 282 (Bkrtcy. E.D. Tenn. 2000). Absent a showing of bad faith by the trustee (which Nguyen has not alleged), he cannot argue his appeal was abandoned without due consideration of its potential for success. Any objections to the trustee's handling of his case should have been addressed in the bankruptcy proceedings. Nguyen could have appealed the bankruptcy court's order accepting the *Nguyen I* appeal settlement.

Nguyen cites no Sixth Circuit authority to support his argument regarding appellate rights, and instead looks to the Fifth Circuit, which has noted that "the availability of judicial review of the first proceeding . . . [is] 'of paramount importance to the issue of preclusion.'" *Baros v. Texas Mexican Ry. Co.*, 400 F.3d 228, 233 (5th Cir. 2005); s*ee also Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 395 (5th Cir. 1998) ("[F]airness considerations weigh heavily against [applying preclusion] when '[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review.'") However, the Supreme Court long ago stated that a party's inability to appeal does not necessarily prevent the application of preclusion. *Johnson Steel Street-Rail Co. v. Wharton*, 152 U.S. 252, 261 (1894) ("The existence or non-existence of a right, in either party, to have the judgment in the prior suit reexamined, upon appeal or writ of error, cannot, in any case, control this inquiry.").

Additionally, the fact that the trustee and the City settled the case during pendency of appeal does not change the preclusive effect of the trial court's decision is *Nguyen I*. In *U.S. ex rel Harrison v. Estate of Deutscher*, 115 B.R. 592, 601 (M.D. Tenn. 1990), the plaintiff before the bankruptcy court argued that "issue preclusion seems inappropriate if a trial court has actually decided an action on the merits but the parties have settled pending appeal." The court found that the settlement agreement did not indicate an intention to vacate the court's findings or vacate its judgment; therefore, even with the settlement, the judgment in the prior litigation had preclusive effect. The parties could have had the judgment vacated before entering the settlement. *Id.* The court finds this reasoning persuasive. The settlement agreement in *Nguyen's* bankruptcy case did not vacate the lower court's finding or judgment. (*In re Nguyen*, No. 05-BR-95756, Mot. to Compromise, Ex. A, ECF No. 43.) Also, the Sixth Circuit has held that despite an undecided appeal, a district court's judgment will have a preclusive effect. *Refior v. Lansing Drop Forge Co.*, 134 F.2d 894, 896 (6th Cir. 1943). The court concludes that a lower court's judgment must be vacated, either through the settlement agreement process or adjudication on the merits with an appellate decision in the party's favor, for a judgment not to have a preclusive effect. *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985).

Since all the elements of *Schreiber* are satisfied, the court finds that issue preclusion prevents Nguyen from relitigating an FCA claim concerning ADF-related activity in the present suit.

### B. Res Judicata

The City argues that res judicata bars Nguyen's CAA and FCA claims. Since the FCA claim concerning ADF-related activity is barred by issue preclusion, res judicata analysis will focus only on the non-ADF-related FCA claim and the CAA citizen suit.

### 1. Legal Standard

Prior litigation bars a subsequent claim under res judicata if each of four elements is satisfied:

> (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; [and] (4) an identity of the causes of action.

*Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). As with issue preclusion, the party asserting res judicata bears the burden of proving all four elements. *In re Piper Aircraft Corp., Inc.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

### 2. Analysis

Nguyen only challenges the City on the third and fourth *Sanders* elements. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 14.)

### (a) Nguyen's non-ADF-related FCA claim should have been brought in *Nguyen I* and is now barred by res judicata.

Where two causes of action "arise from the same 'transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action." *Holder v. City of Cleveland*, 287 F. App'x. 468, 471 (6th Cir. 2008) (quoting *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d, 521, 529 (6th Cir. 2006).) A plaintiff must "present in support of his asserted right of attack every available ground of which he had knowledge. He [is] not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that." *Grubb v. Pub. Util. Comm'n of Ohio*, 281 U.S. 470, 478-79 (1930).

Nguyen argues he is not attempting to relitigate the same matter because this suit involves allegations not raised in *Nguyen I* involving non-ADF related activities such as airplane refueling, road vehicle use, auxiliary power unit operation, construction, and aircraft taxiing, taking off, and

landing. (Pl.'s Mem. Contra Def.'s Mot. to Dismiss at 15.) However, the relevant question is not whether he *did* present those allegations in *Nguyen I*, but whether he *should have*. Nguyen claims he "was not aware" that non-ADF-related activities at CHIA violated environmental laws at the time of *Nguyen I* (*Id.* at 10), but his entire suit is predicated on his superior knowledge of airport emissions and operations. By asserting that his emission testing recommendations should supersede the FAA's, such that the City commits fraud simply by not following his advice, he is necessarily claiming expertise in the field. In fact, he stated in a *Nguyen I* affidavit that he was a Senior Air Pollution Control Engineer for the City of Cleveland in the 1990s and has specialized in emission inventories since 1991. (Def.'s Reply in Further Supp. of Mot. to Dismiss at 13.) He cannot then reasonably argue, for purposes of these new FCA allegations, that he did not know the impact of non-ADF related emission-causing activities at CHIA when he litigated *Nguyen I*. He acknowledges that those emission sources were present at the time by referencing CHIA's *July 2000* Potential to Emit report and pointing out its failure to list emissions from those sources. (Mem. in Supp. of Def.'s Mot to Dismiss at 9, citing First Am. Compl., ¶ 43.)

The final element of res judicata, identity of the causes of action, is also met with regard to this claim. Identity is present if successive lawsuits are "sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1166 (1st Cir. 1991). Nguyen's FCA-based causes of action are essentially the same in both suits, regardless of whether they focus on ADF-related or non-ADF-related activities. In both cases, he alleges that the City deceived the federal government about emissions at CHIA to obtain funding.

-16-

The nucleus of operative facts is the same, as it concerns daily airport operations that he acknowledges were present when *Nguyen I* was litigated.

Because both contested elements of res judicata are satisfied with regard to Nguyen's non-ADF-related FCA claim, that claim should have been brought in *Nguyen I* and is now barred.

**(b) Nguyen's ADF-related CAA claim should have been brought in *Nguyen I* and is now barred by res judicata.**

When successive suits seek recovery for the same injury, "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Holder*, 287 F. App'x. at 471 (citing *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978).) In *Holder*, res judicata prevented a plaintiff from suing her employer over disparate pay based on racial discrimination after she had already sued over the same disparity based on gender discrimination. Because the relevant facts and injury were the same, there was identity in the causes of action and "the plaintiff should have litigated both causes in the first action." *Id.* at 470-71.

Nguyen has already litigated the matter of whether the City violated the CAA through its ADF-related activity—such violations were the basis for his first suit's FCA claim. As the *Nguyen I* court noted, "Plaintiff's allegations directly relate to the Airports' receipt of federal funds and the compliance certifications . . . Indirectly, they relate to the Airports' deicing operations, which implicate various federal environmental laws." (*Nguyen I*, Mem. and Order at 3.) The Order explicitly states that the CAA was among the environmental laws at issue. (*Id.* at 5.) Therefore, identity of the causes of action is satisfied, and the ADF-related CAA claim in this case presents merely a different legal theory applied to the same conduct as the ADF-related FCA claim in *Nguyen I*. The CAA claim concerning ADF-related activity should have been litigated in *Nguyen I* and is now barred by res judicata.

**(c) Nguyen's non-ADF-related CAA claim was not litigated in *Nguyen I* and contains sufficiently distinct allegations to avoid preclusion by res judicata.**

The "identity" element of res judicata implies "an identity of facts creating the right of action and the evidence necessary to sustain each action." *Westwood Chemical Co.*, 656 F.2d at 1227. Unlike Nguyen's other claims in this suit, his CAA claim concerning non-ADF-related activity presents both a legal theory that was absent from *Nguyen I* and an issue that must be proved by different evidence from that which determined the outcome of the first suit. Because *Nguyen I* concerned only ADF-related activity, it did not focus on the emissions caused by airplane refueling, road vehicle use, construction, and the other non-ADF-related sources identified in this suit. In the FCA violation context, where the actual cause of action is the City's alleged fraudulent compliance certifications, those newly identified emission sources are not enough to avoid res judicata. But in the CAA context, since the CAA was not the cause of action in *Nguyen I*, the distinctions are sufficient to defeat the identity element of res judicata. Accordingly, Nguyen's CAA claim based on non-ADF-related activities survives the City's Motion to Dismiss.

### C. Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The City's argument that Nguyen has failed to satisfy the pleading requirement of Rule 8 is based on applying issue preclusion and res judicata to the claims in his present suit given the dismissal of *Nguyen I*: "Nguyen was required, but failed, to demonstrate *on the face of his complaint* that he is entitled to relitigate these issues." (Mem. in Supp. of Def.'s Mot. to Dismiss at 13 (emphasis in original).) As such, it does not require separate analysis here. To the extent that the claims in the suit are not barred, for the reasons discussed above, Nguyen has met the requirements of Rule 8.

### IV. CONCLUSION

For the foregoing reasons, the court hereby grants the City of Cleveland's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 25), with regard to all of Nguyen's False Claims Act claims and his Clean Air Act claim based on ADF-related activities, and denies the Motion with regard to Nguyen's Clean Air Act claim based on non-ADF-related activities only. Therefore, only a portion of Count I in the First Amended Complaint remains in this case.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 30, 2011